UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD TIMMONS,

|                          | Plaintiff, | 9:25-CV-0663 (ECC/CBF) |
|---|---|---|

    v.

AVENTIV CORPORATION, et al.,

                  Defendants.

---

APPEARANCES:                          OF COUNSEL:

RICHARD TIMMONS
Plaintiff, pro se
97-A-5810
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

ELIZABETH C. COOMBE
United States District Judge

## DECISION AND ORDER

### I.   INTRODUCTION

On May 23, 2025, pro se plaintiff Richard Timmons ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").  The complaint asserted claims related to plaintiff's confinement in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS").

*See generally* Compl.

By Decision and Order filed on November 19, 2025 (the "November 2025 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 10.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.* In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id.*

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 14 ("Am Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the November 2025 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 10 at 2-4.

### B.  Summary of Amended Complaint[1]

---

[1]  In the November 2025 Order, the Court noted that plaintiff submitted exhibits with the complaint.  *See* Dkt. No. 10 at 4, n.2.  The Court considered the documents in the context of the § 1915 review.  *See id.*  Plaintiff did not attach the exhibits to the amended complaint.  "Although it is well settled that an amended complaint supersedes a prior complaint in its entirety, it is clear to the court that plaintiff intended to attach the exhibits to his amended complaint."  *Wellington v. Langendorf*, No. 12-CV-1019 (FJS/DEP), 2013 WL 3753978, at *3 (N.D.N.Y. July 15, 2013).  To require plaintiff to file an amended complaint that includes the original exhibits is, "an unnecessary procedural hoop that would waste resources and delay resolution of this action.*" Alexander v. U.S.*, No. 13-CV-678, 2013 WL 4014539, at *4 (N.D.Cal. Aug. 5, 2013).  Because plaintiff is a pro se plaintiff, the Court will consider the documents attached to the original complaint as incorporated by reference in the amended complaint.

The factual allegations and the claims for relief asserted in the amended complaint are substantially the same as those in the complaint. *Compare* Compl. *with* Am. Compl. Those allegations and claims were described at length in the November 2025 Order.

## C.  Analysis

In the November 2025 Order, the Court dismissed the claims against defendants, in their official capacities, as barred by the Eleventh Amendment and dismissed plaintiff's claims against all private entities for failure to state a claim. Dkt. No. 10 at 9-11. The Court also dismissed plaintiff's religious claims, claims related to violations of DOCCS' directives, and conspiracy claims for failure to state a claim. *Id.* at 13-17. With respect to plaintiff's retaliation claims, the Court noted that even assuming the claims were sufficiently plead, the claims were subject to dismissal as untimely. *Id*. at 18-19. The Court reasoned:

> Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, the complaint was executed on May 15, 2025. *See* Compl. at p. 21. Thus, in the absence of some basis for tolling or disregarding the limitations period, any claim that accrued before May 15, 2022, is subject to dismissal as untimely asserted.
>
> As a result, plaintiff's claims are subject to dismissal as untimely filed unless plaintiff is able to demonstrate that the limitations period with respect to any of these claims was tolled, or that any of these claims are otherwise timely. *See Abbas v. Dixon,* 480 F.3d 363, 640-41 (2d Cir. 2007) (a District Court should not dismiss a complaint as time-barred without providing a pro se plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely.).
>
> Plaintiff alleges that the "violations of monopoly" against Dell, Aventiv, JPay, and Securus have been "continually implemented." *See* Compl. at ¶ 130. While plaintiff alleges that his due process claims, "may have continued to the present," "continuing damages

are not sufficient to show a continuing violation, which "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct[.]" *Walker,* 2023 WL 11867001, at *14 (internal quotation marks and citation omitted). Here, plaintiff does not allege any "wrongful acts" within the statutory time period and thus, the continuing violation doctrine does not apply. *See id.* Plaintiff also claims that his removal from Earned Housing and transfer to Sing Sing C.F. occurred by July 2021, making the "earliest date for tolling the time to file this complaint on July 16, 2021." Compl. at ¶¶ 131-132. The Court disagrees. Rather, the claims are based on a discrete event that was completed before May 2022. *See Sierra v. Zerniak*, No. 9:22-CV-0711 (BKS/TWD), 2023 WL 12106591, at *4 (N.D.N.Y. Jan. 31, 2023) (noting that plaintiff's claims accrued on the date he was transferred).

Equitable tolling is available in "rare and exceptional" cases where extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). As the Second Circuit recognized in *Abbas*, New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that he acted with due diligence throughout the period to be tolled. *Abbas*, 480 F.3d at 642; *see also Gonzalez*, 651 F.3d at 322 ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."). "[E]quitable tolling is [also] applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA." *Gonzalez,* 651 F.3d at 323. The plaintiff bears the burden of establishing equitable tolling. *Abbas*, 480 F.3d at 642. Here, plaintiff does not invoke equitable tolling, nor does he "articulate[ ] any acts by defendants that prevented [him] from timely commencing suit." *Id*. at 642.

Dkt. No. 10 at 20-22.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies or statute of limitations issues identified in the November 2025 Order. Indeed, with respect to the timeliness issue, plaintiff states in a conclusory manner, without factual support, that "tolling be equitable." *See* Am. Compl. at ¶¶ 130-132.

As a result, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggests that he is entitled to relief. For the reasons set forth in the November 2025 Order, this action is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint. The deficiencies with his original complaint, identified by the court in the November 2025 Order, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 14) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

Dated: April 7, 2026

_____
Elizabeth C. Coombe
U.S. District Judge

6