UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

 RICHARD TIMMONS,

                              Plaintiff,

             v.                                                    9:25-CV-0663
                                                                   (ECC/TWD)

 AVENTIV CORPORATION, et al.,

                              Defendants.
_____

APPEARANCES:

RICHARD TIMMONS
Plaintiff, pro se
97-A-5810
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

ELIZABETH C. COOMBE
United States District Judge

### DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Richard Timmons commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").  By Decision and Order entered on November 19, 2025, the Court granted the IFP Application, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.

1

§ 1915A(b), and dismissed plaintiff's claims without prejudice for failure to state a claim upon which relief may be granted.  *See* Dkt. No. 10 ("November 2025 Order").  Thereafter, plaintiff filed an amended complaint.  *See* Dkt. No. 14 ("Am. Compl.").

By Decision and Order entered on April 7, 2026, the Court reviewed the amended complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff once again failed to allege facts which plausibly suggest that he is entitled to relief, and dismissed the action for the reasons set forth in the November 2025 Order.  *See* Dkt. No. 16 ("April 2026 Order").  In accordance with the April 2026 Order, the Clerk entered judgment dismissing the action that same day.  *See* Dkt. No. 17 ("Judgment").

Presently before the Court is a letter from plaintiff requesting reconsideration of the April 2026 Order, re-opening of the action, and appointment of counsel, which the Court liberally construes as a motion for reconsideration and relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 18 ("Motion for Reconsideration").

## II.    MOTION FOR RECONSIDERATION

### A.    Overview of the Original Complaint and November 2025 Order

In the original complaint, plaintiff asserted claims arising out of the following distinct categories of wrongdoing: (1) claims based on private entities utilizing plaintiff's "Proposal for In-Cell Laptops as a Cost Cutting Venture" without compensating him; (2) claims based on the withholding of wages; and (3) claims based on housing issues following plaintiff's encounter with Superintendent McCarthy about plaintiff cooking meals for Muslim inmates and his engagement in protected activity.  *See generally*, Compl.

The complaint was liberally construed to assert the following claims: (1) Fourteenth

2

Amendment due process claims against JPay Incorporated ("JPay"), Securus Technologies ("Securus"), Aventiv Corporation ("Aventiv"), and Dell Industries ("Dell"); (2) ADA claims against JPay, Securus, Aventiv, and Dell; (3) First Amendment free exercise and RLUIPA claims against Auburn Correctional Facility Superintendent McCarthy, Corrections Captain VanTassel, and SORC Pettigrass; (4) claims related to violations of DOCCS' directives; (5) conspiracy claims; and (6) First Amendment retaliation claims. *See* November 2025 Order at 7.

Following review of the complaint, plaintiff's Section 1983 official capacity claims and claims against DOCCS were dismissed with prejudice as barred by the Eleventh Amendment, and plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See generally*, November 2025 Order.

### B.    Overview of the Amended Complaint and April 2026 Order

Plaintiff's amended complaint re-asserts Section 1983, ADA, and RLUIPA claims based on allegations of wrongdoing that are substantially similar to the allegations in the original complaint. *Compare* Compl. *with* Am. Compl. Because the pleading was not materially different from the original complaint, the Court found that plaintiff once again failed to allege facts which plausibly suggest that he is entitled to relief and dismissed the action for the reasons set forth in the November 2025 Order. *See* April 2026 Order.

### C.    Overview of the Motion for Reconsideration

Plaintiff contends that the Court erred in dismissing his claims because (1) the statute of limitations on his RLUIPA claim is four years, (2) his "religious" claims based on his transfer to Sing Sing Correctional Facility are timely because he is still "waiting for a final ruling" on his grievance, and (3) his other claims are meritorious, and can be properly

presented through appointed counsel.  *See generally*, Motion for Reconsideration.

### D.    Relevant Legal Standard

Rule 59(e) allows a party, not later than 28 days after entry of a judgment, to make "[a] motion to alter or amend [the] judgment." Fed. R. Civ. P. 59(e).[1]  The court may grant a Rule 59(e) motion to alter or amend the judgment "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Metzler Investment GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 60(b)(1), a district court may also relieve a party from judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  The party seeking such relief must do so within one year from the date of the entry of judgment.  *See* Fed. R. Civ. P. 60(c).  "Whether to grant [such] relief is committed to the district court's sound discretion."  *Sacco v. Matter*, 154 F.R.D. 35, 37 (N.D.N.Y. 1994) (citing *Mendell In Behalf Of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991)).

### E.    Analysis

Plaintiff does not suggest that there has been an intervening change in the controlling law, and he has not presented new evidence which was not previously available.  Rather, plaintiff argues that (1) the Court erred in its dismissal of his RLUIPA claims on timeliness grounds, (2) with respect to his Section 1983 claims related to housing issues, he inadvertently failed to include allegations related to exhaustion, and (3) the other pleading deficiencies identified in the April 2026 Order can be cured if counsel is appointed to him.

---

[1]  Plaintiff's Motion for Reconsideration was filed within 28 days of the Judgment.

4

As noted, plaintiff's pleadings assert claims arising out of the following distinct categories of wrongdoing: (1) claims based on private entities utilizing plaintiff's "Proposal for In-Cell Laptops as a Cost Cutting Venture" without compensating him; (2) claims based on the withholding of wages; and (3) claims based on housing issues following plaintiff's encounter with Superintendent McCarthy about plaintiff cooking meals for Muslim inmates and his engagement in protected activity. *See generally*, Compl.; Am Compl.

Insofar as plaintiff contends that his claims brought under the first category of wrongdoing should not have been dismissed prior to the appointment of counsel, he has not provided any explanation as to how he could ever recover damages under the ADA or Section 1983 against a private entity for failing to compensate him for an alleged idea that he presented to that entity. In other words, the Court has no basis to conclude either that the Court's dismissal of plaintiff's claims against various private entities was legally incorrect, or that the pleading deficiencies identified in the November 2025 Order and April 2026 Order are the product of mistake, inadvertence, surprise, or excusable neglect such that a further opportunity to amend with respect to these claims may yield a different result.

Insofar as plaintiff contends that his claims brought under the second category of wrongdoing should not have been dismissed prior to the appointment of counsel, he has not provided any basis for the Court to find that its prior ruling that an inmate's due process claim for lost wages is not viable was legally incorrect. Furthermore, by plaintiff's own allegations, he fully exhausted his administrative remedies with respect to his challenge to lost wages on April 29, 2021, which is more than three years before he commenced this action. *See* Compl. at 21; Dkt. No. 1-6; Am. Compl. at 15-16. Thus, any Section 1983 claims based on lost wages are also untimely.

Insofar as plaintiff contends that his RLUIPA claims brought under the third category of wrongdoing should not have been dismissed because the statute of limitations on a RLUIPA claim is four years, the Court did not dismiss plaintiff's RLUIPA claims as untimely.  Rather, plaintiff's RLUIPA claims were dismissed because the statute does not contemplate a private right of action against state officials in their individual capacities and does not authorize monetary damages against state officials in their official capacities.  *See* November 2025 Order at 14-15.  Thus, the Court has no basis to conclude either that the Court's dismissal of plaintiff's RLUIPA claims was legally incorrect, or that the pleading deficiencies identified in the November 2025 Order and April 2026 Order are the product of mistake, inadvertence, surprise, or excusable neglect such that a further opportunity to amend with respect to these claims may yield a different result.

With respect to the remainder of the third category of claims, i.e., plaintiff's free exercise and retaliation claims based on housing issues following his encounter with Superintendent McCarthy and engagement in protected activity, plaintiff has in essence clarified that he mistakenly failed to indicate in the amended complaint that these claims are timely because he is still "waiting for a final ruling" on his grievance.  *See* Motion for Reconsideration at 2.  Although a motion for reconsideration is not the proper vehicle for amending a pleading, and plaintiff was previously afforded an opportunity to amend his pleading to address the issue of timeliness, *see* November 2025 Order at 19-23, plaintiff's statement may provide a basis for equitable tolling.  Accordingly, the Clerk is directed to vacate the judgment and reopen this action for the limited purpose of affording plaintiff thirty (30) days to file a second amended complaint based solely on allegations of wrongdoing related to plaintiff's removal from Earned Housing and transfer to Sing Sing Correctional

Facility, and plaintiff's Motion for Reconsideration is granted in this regard.  Plaintiff should include in his amended pleading allegations explaining why his Section 1983 claims are timely.  The Court will not consider any allegations of wrongdoing related to lost wages or compensation for ideas, as all of plaintiff's claims based on such wrongdoing have already been dismissed from this action.

In the event plaintiff fails to timely file an amended complaint as set forth herein, this action will be dismissed without prejudice without further order of the Court for the reasons set forth in the April 2026 Order.[2]

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion for Reconsideration (Dkt. No. 18) is **GRANTED in part and DENIED in part** as set forth above; and it is further

**ORDERED** that the Clerk is directed to **VACATE** the judgment and reopen this action for the limited purpose of affording plaintiff thirty (30) days to file a second amended complaint based solely on allegations of wrongdoing related to his removal from Earned Housing and transfer to Sing Sing Correctional Facility as described in the amended complaint, and the timeliness of any claims arising out of such wrongdoing. The Court will not consider any allegations of wrongdoing related to lost wages or compensation for ideas; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

---

[2]  Insofar as plaintiff's Motion for Reconsideration seeks appointment of counsel, his request is denied without prejudice as premature.  In the event plaintiff files a proper amended complaint and one or more claims are found to survive sua sponte review, he may renew his request for counsel at that time.

Dated:  July 31, 2026

       Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge

8