UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD TIMMONS,

Plaintiff,

v.

9:25-CV-0663(ECC/CBF)

AVENTIV CORPORATION, et al.,

Defendants.

---

APPEARANCES:

RICHARD TIMMONS
Plaintiff, pro se
97-A-5810
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Richard Timmons commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application"). By Decision and Order entered on November 19, 2025, the Court granted the IFP Application, reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.

§ 1915A(b), and dismissed plaintiff's claims without prejudice for failure to state a claim upon which relief may be granted. *See* Dkt. No. 10 ("November 2025 Order"). Thereafter, plaintiff filed an amended complaint. *See* Dkt. No. 14 ("Am. Compl.").

By Decision and Order entered on April 7, 2026, the Court reviewed the amended complaint for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff once again failed to allege facts which plausibly suggest that he is entitled to relief, and dismissed the action for the reasons set forth in the November 2025 Order. *See* Dkt. No. 16 ("April 2026 Order"). In accordance with the April 2026 Order, the Clerk entered judgment dismissing the action that same day. *See* Dkt. No. 17 ("Judgment").

Less than one month after the Judgment was entered, the Court received a letter from plaintiff requesting reconsideration of the April 2026 Order, re-opening of the action, and appointment of counsel. *See* Dkt. No. 18 ("Motion for Reconsideration"). By Decision and Order entered on July 31, 2026, the Court reviewed plaintiff's submission, which was liberally construed as a motion for reconsideration and relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, granted the motion in part and denied it in part, and directed the Clerk to vacate the Judgment and reopen this action "for the limited purpose of affording plaintiff thirty (30) days to file a second amended complaint based solely on allegations of wrongdoing related to his removal from Earned Housing and transfer to Sing Sing Correctional Facility as described in the amended complaint, and the timeliness of any claims arising out of such wrongdoing." Dkt. No. 19 ("July 2026 Order").

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 20 ("SAC").

## II. DISCUSSION

### A. Overview of the Original Complaint and November 2025 Order

In the original complaint, plaintiff asserted claims arising out of the following distinct categories of wrongdoing: (1) claims based on private entities utilizing plaintiff's "Proposal for In-Cell Laptops as a Cost Cutting Venture" without compensating him; (2) claims based on the withholding of wages; and (3) claims based on housing issues following plaintiff's encounter with Superintendent McCarthy about plaintiff cooking meals for Muslim inmates and his engagement in protected activity. *See generally*, Compl.

The complaint was liberally construed to assert the following claims: (1) Fourteenth Amendment due process claims against JPay Incorporated ("JPay"), Securus Technologies ("Securus"), Aventiv Corporation ("Aventiv"), and Dell Industries ("Dell"); (2) ADA claims against JPay, Securus, Aventiv, and Dell; (3) First Amendment free exercise and RLUIPA claims against Auburn Correctional Facility Superintendent McCarthy, Corrections Captain VanTassel, and SORC Pettigrass; (4) claims related to violations of DOCCS' directives; (5) conspiracy claims; and (6) First Amendment retaliation claims. *See* November 2025 Order at 7.

Following review of the complaint, plaintiff's Section 1983 official capacity claims and claims against DOCCS were dismissed with prejudice as barred by the Eleventh Amendment, and plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See generally*, November 2025 Order.

### B. Overview of the Amended Complaint and April 2026 Order

Plaintiff's amended complaint re-asserted Section 1983, ADA, and RLUIPA claims based on allegations of wrongdoing that were substantially similar to the allegations in the

original complaint. *Compare* Compl. *with* Am. Compl. Because the pleading was not materially different from the original complaint, the Court found that plaintiff once again failed to allege facts which plausibly suggest that he is entitled to relief and dismissed the action for the reasons set forth in the November 2025 Order. *See* April 2026 Order.

**C. Overview of the Motion for Reconsideration**

The Motion for Reconsideration argued that the Court erred in dismissing plaintiff's claims because (1) the statute of limitations on his RLUIPA claims is four years, (2) his "religious" claims based on his transfer to Sing Sing Correctional Facility are timely because he is still "waiting for a final ruling" on his grievance, and (3) his other claims are meritorious, and can be properly presented through appointed counsel. *See generally*, Motion for Reconsideration.

In the July 2026 Order, the Court initially addressed plaintiff's claims brought under the first category of wrongdoing and found that plaintiff failed to provide a basis for the Court to conclude either that (1) the prior dismissal of his claims based on private entities utilizing his "Proposal for In-Cell Laptops as a Cost Cutting Venture" without compensating him was legally incorrect, or (2) the pleading deficiencies identified in the November 2025 Order and April 2026 Order were the product of mistake, inadvertence, surprise, or excusable neglect such that a further opportunity to amend with respect to these claims may yield a different result. *See* July 2026 Order at 5. For these reasons, the Court denied the Motion for Reconsideration insofar as it sought reinstatement of plaintiff's claims brought under the first category of wrongdoing.

Next, the Court addressed plaintiff's claims brought under the second category of wrongdoing and found that plaintiff failed to provide a basis for the Court to conclude either

that (1) its prior ruling that an inmate's due process claim for lost wages is not viable was legally incorrect, or (2) his Section 1983 claims based on lost wages were timely. July 2026 Order at 5. For these reasons, the Court also denied the Motion for Reconsideration insofar as it sought reinstatement of plaintiff's claims brought under the second category of wrongdoing.

Finally, the Court addressed plaintiff's claims brought under the third category of wrongdoing and found that plaintiff failed to provide a basis for the Court to conclude that the prior dismissal of his RLUIPA claims was legally incorrect, or that the pleading deficiencies identified in the November 2025 Order and April 2026 Order were the product of mistake, inadvertence, surprise, or excusable neglect such that a further opportunity to amend with respect to these claims may yield a different result. For these reasons, the Court denied the Motion for Reconsideration insofar as it sought reinstatement of plaintiff's RLUIPA claims brought under the third category of wrongdoing.

With respect to the remainder of the third category of claims, i.e., plaintiff's free exercise and retaliation claims based on housing issues following his encounter with Superintendent McCarthy and engagement in protected activity, the Court found that plaintiff's motion "in essence clarified that he mistakenly failed to indicate in the amended complaint that these claims are timely because he is still 'waiting for a final ruling' on his grievance." July 2026 Order at 6. The Court acknowledged that this clarification "may provide a basis for equitable tolling" of these otherwise untimely Section 1983 claims. *Id*. Accordingly, the Court granted the motion in this limited respect to afford plaintiff a final opportunity to submit a second amended complaint based solely on allegations of wrongdoing related to plaintiff's removal from Earned Housing and transfer to Sing Sing

Correctional Facility, and the timeliness of those claims. *Id*. at 6-7.

**D. Overview of the Second Amended Complaint**

The second amended complaint, which is significantly more detailed than plaintiff's prior pleadings, reasserts Section 1983, ADA, and RLUIPA claims based on plaintiff's removal from Earned Housing and transfer to Sing Sing Correctional Facility. *See generally,* SAC. The following facts are set forth as alleged in the second amended complaint.

Between 2011 and parts of 2021, plaintiff was housed at Auburn Correctional. SAC at 2-3. In 2015, plaintiff was placed in "Open Housing." *Id*. at 2. In 2018, "Open Housing" became known as "Earned Housing" and "the criteria changed." *Id*. at 3. "Plaintiff was not removed when the criteria changed." *Id*.

On or about March 1, 2020, defendant Auburn Correctional Facility Superintendent McCarthy "walked through the 'Earned Housing' area where large scale cooking is permitted" and "saw plaintiff cooking a large meal[.]" SAC at 3. Defendant McCarthy asked plaintiff if he was "cooking for all the Muslims in the block, to which plaintiff answered[,] 'no just a few.'" *Id*.

On March 8, 2020, defendant Corrections Lieutenant VanTassel "removed plaintiff from 'Earned Housing.'" SAC at 3. Thereafter, plaintiff "filed two grievances," arguing in one that his removal violated state and "departmental" regulations, and arguing in the other that the removal violated his constitutional rights. *Id*. "[T]he grievance department consolidated [plaintiff's] grievances" and in a written response entitled, "Removal from Earned Housing," "stated that [plaintiff's] request for 'Earned Housing' had been denied." *Id*. However, plaintiff's grievances were based on his removal from Earned Housing. *Id*.

On April 22, 2020, plaintiff attended a grievance hearing presided over by VanTassel, Corrections Sergeant Lee, and Deputy Superintendent Napoli. SAC at 3. During the

hearing, plaintiff asked why he was removed from Earned Housing and was told by defendant VanTassel that defendant McCarthy did not want him there. *Id*.

Thereafter, plaintiff received a written decision, which stated that the facility superintendent "may restrict access to Earned Housing for safety and security of the facility for inmates serving more than 75 to life or life without parole." SAC at 3. After receiving the decision, plaintiff "alerted" defendant VanTassel to a state court ruling involving "the same circumstances" where "the inmate was ordered reinstated to Earned Housing by the court[.]" *Id*. Defendant VanTassel "acknowledged the ruling" and explained that it was "McCarthy's view . . . that the . . . ruling is exclusive to Dutchess County[.]" *Id*.

Plaintiff appealed the grievance committee's adverse ruling to defendant McCarthy even though this official was "the lead culprit in this matter[.]" SAC at 4. Defendant McCarthy affirmed the grievance committee's decision, but in doing so, "shifted the blame to VanTassel" by stating that "the decision for Earned Housing goes through the Captain[.]" *Id*. Thereafter, plaintiff spoke with a non-party corrections official, who advised plaintiff that defendant McCarthy "does not like pro-se litigating Muslims[.]" *Id*.

Plaintiff appealed defendant McCarthy's denial to the Central Office Review Committee, which "ruled against plaintiff as well." SAC at 4. Plaintiff then filed an Article 78 proceeding in state court arguing that his removal from Earned Housing violated state law. *Id*.

At the time of plaintiff's removal from Earned Housing, he was enrolled in college programs at Cornell University and had both an "education hold" and "a medical hold for glaucoma" based on his need for "routine checking by experts in the Auburn area" every three months. SAC at 4. These holds prohibited plaintiff's transfer to another facility "unless

there was an override[.]" *Id*. at 5.

While plaintiff's Article 78 lawsuit was pending, defendant McCarthy "orchestrated a letter" indicating that "plaintiff was a security threat at Auburn and therefore had to be moved to another facility immediately[.]" SAC at 5. Defendant McCarthy "overrode the two (2) holds and had plaintiff transferred to Sing Sing Correctional Facility" on or about July 15, 2021. *Id*. The Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS") "had to approve of the transfer and surely did not investigate the validity of [defendant] McCarthy's allegations of a security threat." *Id*. at 6. Instead, the Commissioner "approved the transfer because DOCCS has a custom, routine and practicing policy" of giving "tacit approval" to employees who engage in "narcissistic behavior." *Id*.

Following plaintiff's transfer, he received a ruling in the Article 78 proceeding where the court ordered that he be "reinstated back into Earned Housing[.]" SAC at 6. However, because plaintiff was residing at Sing Sing Correctional Facility, the ruling "could not be executed." *Id*.

Plaintiff then filed another grievance seeking his return to Auburn Correctional Facility and placement in Earned Housing. SAC at 6. The Superintendent at Sing Sing Correctional Facility "agreed with plaintiff and requested that [he] be sent back to Auburn[,]" and plaintiff's counselor at the facility "attempt[ed] to effectuate the transfer back . . . but could not do so because of the fabricated security threat." *Id*. Plaintiff "then suggested that [he] be placed in Earned Housing at Sing Sing [but] the relevant parties said no." *Id*.

The Central Office Review Committee denied plaintiff's request for placement in Earned Housing on December 9, 2021. SAC at 6. This decision addressed "the last grievance" related to plaintiff's wrongful removal from Earned Housing. *Id*. at 7. As of the

filing date of the second amended complaint, plaintiff remains on a waiting list to be returned to Earned Housing. *Id*. at 8.

Liberally construed, the second amended complaint asserts ADA, RLUIPA, and Section 1983 claims against defendants McCarthy, VanTassel, DOCCS, and the Commissioner of DOCCS based on plaintiff's removal from Earned Housing and transfer to Sing Sing Correctional Facility.

The second amended complaint seeks monetary damages and injunctive relief in the form of plaintiff's return to Earned Housing. SAC at 8-9.

### E. Analysis

#### 1. Section 1983 and ADA Claims

The legal standard governing the timeliness of Section 1983 claims was discussed at length in the November 2025 Order and will not be restated here. *See* November 2025 Order at 20-22. The statute of limitations for claims brought under Section 1983 is three years. *See, e.g., Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); *see also Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108, 111 (2d Cir. 2023) (statute of limitations for Section 1983 claims arising in New York is three years); N.Y. C.P.L.R. § 214(5). Similarly, the statute of limitations for claims brought under the ADA is three years. *See, e.g., Lewis v. Paymaster Payroll Sys., Inc.*, No. 8:24-CV-121 (MAD/DJS), 2024 WL 2053238, at *2 (N.D.N.Y. Feb. 29, 2024) ("The statute of limitations for claims under the ADA in New York is three years."), *report and recommendation adopted by* 2024 WL 1549470 (N.D.N.Y. Apr. 9, 2024), *appeal dismissed by* 2025 WL 706479 (2d Cir. Mar. 5, 2025); *Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07-CV-8828, 2009 WL 3151200, at *8 (S.D.N.Y. Sept. 29, 2009) ("New York's three-year statute of limitations applicable to personal injury actions is

the most analogous state statute of limitations for claims brought under ... the ADA").

As noted in the November 2025 Order, "[a] Section 1983 action and ADA claim accrues at the time 'when the plaintiff knows or has reason to know of the harm.'" November 2025 Order at 19 (quoting *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001)).

In this case, the complaint was executed on May 15, 2025. *See* Compl. at 21. Thus, in the absence of some basis for tolling the limitations period, any Section 1983 or ADA claim that accrued before May 15, 2022, is subject to dismissal as untimely asserted. *See also*, November 2025 Order at 20-22.

In the second amended complaint, plaintiff concedes that his "last grievance" related to his wrongful removal from Earned Housing was fully exhausted on December 9, 2021. SAC at 7. Thus, plaintiff was certainly aware of the entirety of the alleged wrongdoing, for accrual purposes, by this time, and the second amended complaint does not present a basis for tolling the commencement of the applicable limitations period beyond this date. Moreover, the pleading does not provide a basis for applying a different accrual date for statute of limitations purposes.[1]

Accordingly, plaintiff's Section 1983 and ADA claims are dismissed without prejudice and without leave to renew as untimely.

**2. RLUIPA Claims**

---

[1] Plaintiff does not have a constitutional right to Earned Housing. *See, e.g., DiDomenico v. Superintendent*, No. 9:21-CV-0689 (LEK/ML), 2021 WL 3403726, at *3 (N.D.N.Y. Aug. 4, 2021) ("[I]nmates have no constitutionally protected right to be housed in a particular location or the location of their choice." (collecting cases)); *Vazquez v. City of New York*, No. 21-CV-1573, 2021 WL 1966397, at *6 (S.D.N.Y. May 17, 2021) ("A prisoner does not have a constitutional right to be housed in a particular unit or facility."). Thus, the Court has no basis to plausibly infer that plaintiff was suffering from an ongoing violation of his constitutional rights following his transfer to Sing Sing Correctional Facility.

RLUIPA affords prison inmates certain protections relative to exercising their religious beliefs, and provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of a burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc–1(a).

The statute of limitations on a RLUIPA claim is four years. *See, e.g., Young Men's Christian Ass'n of Greater Rochester v. Town of Milo*, 563 F. Supp. 3d 71, 80 (W.D.N.Y. 2021) ("RLUIPA claims carry a four-year statute of limitations") (citing *Congregation Adas Yereim v. City of New York*, 673 F. Supp. 2d 94, 107 (E.D.N.Y. 2009) ("It is undisputed that the four-year catch-all federal statute of limitations, codified at 28 U.S.C. § 1658(a), governs claims brought under RLUIPA.")).

It is well established that RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities. *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014); *Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013) (citing *Sossamon v. Texas*, 563 U.S. 277, 280 (2011)); *see also, e.g., Fox v. Lee*, No. 9:15-CV-0390 (TJM/CFH), 2015 WL 13949048, at *3 (N.D.N.Y. July 17, 2015). Moreover, "sovereign immunity forecloses the availability of money damages as a remedy against states[.]" *Washington*, 731 F.3d at 145. Thus, "RLUIPA claims are limited to injunctive and declaratory relief." *Smith v. New York State*, No. 9:17-CV-0558 (LEK/TWD), 2019 WL 13545473, at *6 (N.D.N.Y. Jan. 11, 2019) (citing *Washington*, 731 F.3d at 145).

In light of the foregoing, insofar as the second amended complaint reasserts RLUIPA claims for money damages against any named defendant, those claims are dismissed without leave to renew.

Insofar as the second amended complaint seeks injunctive relief, in the form of plaintiff's transfer back to Earned Housing at Auburn Correctional Facility, the pleading does not allege that plaintiff experienced any RLUIPA violations after his transfer to Sing Sing Correctional Facility, let alone that he was experiencing a deprivation of his religious rights when he commenced this action. Rather, the alleged RLUIPA violations occurred when defendant McCarthy removed plaintiff from Earned Housing and thereafter facilitated his transfer to Sing Sing Correctional Facility. In other words, plaintiff's request for injunctive relief is based entirely on past harm that occurred almost four years before this action was commenced. Thus, there is also no basis for maintaining a RLUIPA claim for injunctive relief against any defendant in this action. *See, e.g., Szymonik v. Connecticut*, 807 F. App'x 97, 101 (2d Cir. 2020) ("The Eleventh Amendment bars federal courts from issuing retrospective declaratory relief against state officials for past violations of federal law."); *Ross v. Aramark Corp*., No. 18-CV-2246, 2019 WL 1172383, at *7 (S.D.N.Y. Mar. 13, 2019) (dismissing RLUIPA claim where plaintiff did not seek a prospective declaration but rather alleged that defendants violated RLUIPA in the past, and the plaintiff was transferred to a different correctional facility); *Hill v. Chapdelaine*, No. 16-CV-1656, 2017 WL 62511, at *2 (D. Conn. Jan. 5, 2017) (noting that "[a]bsent any request for prospective relief to remedy ongoing violations of federal law," the Eleventh Amendment bars "a declaration that the defendants violated the plaintiff's constitutional rights"); *see also Ofori v. Fleming*, No. 7:20-CV-0344, 2022 WL 3584904, at *20 (W.D. Va. Aug. 22, 2022) ("Because there is no ongoing violation

of his religious rights ..., [plaintiff's] RLUIPA claim must be dismissed because RLUIPA only permits injunctive relief to prevent future harm.”).

Accordingly, plaintiff’s RLUIPA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**ORDERED** that plaintiff’s Section 1983 claims, ADA claims, and RLUIPA claims are **DISMISSED without prejudice** and without leave to renew in this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, as set forth above; and it is further

**ORDERED** that the Clerk **TERMINATE** the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: October 19, 2026

Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge